IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HAYES WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | |
| | ) | Judge |
| WAL-MART STORES, INC. d/b/a Walmart; | ) | |
| MONTERREY SECURITY CONSULTANTS, | ) | |
| INC.; ADRIAN SANTOS, Individually and as an | ) | Magistrate |
| Employee/Agent of Monterrey Security | ) | |
| Consultants, Inc.; CRYSTAL ARMSTEAD, | ) | |
| Individually and as an Employee/Agent of Wal-mart | ) | |
| Stores, Inc.; CHICAGO POLICE OFFICER JOHN | ) | |
| P. CROTTY, STAR #16058; CHICAGO POLICE | ) | |
| OFFICER SCOTT CARTER, STAR #7429; | ) | |
| CHICAGO POLICE OFFICER CHRISTOPH | ) | |
| GREEN, STAR #13996; CHICAGO POLICE | ) | |
| OFFICER BURDETT GRIFFIN, STAR #19118; | ) | |
| CHICAGO POLICE OFFICER BRUCE ASKEW, | ) | |
| STAR #9015; CHICAGO POLICE OFFICER | ) | |
| DANIEL DAHILL, STAR #19227, Individually | ) | |
| and as Employees/Agents of the City of Chicago; | ) | |
| and THE CITY OF CHICAGO, a Municipal | ) | |
| Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AT LAW

NOW COMES the PLAINTIFF, HAYES WHITE, by his attorneys, THE LAW OFFICES OF JEFFREY J. NESLUND, and complaining of the DEFENDANTS, WAL-MART STORES, INC., d/b/a Walmart; MONTERREY SECURITY CONSULTANTS, INC.; ADRIAN SANTOS, Individually and as an Employee/Agent of Monterrey Security Consultants, Inc.; CRYSTAL ARMSTEAD, Individually and as an Employee/Agent of WAL-MART STORES, INC.; CHICAGO POLICE OFFICER JOHN P. CROTTY, STAR #16058; CHICAGO POLICE

1

OFFICER SCOTT CARTER, STAR #7429; CHICAGO POLICE OFFICER CHRISTOPH GREEN, STAR #13996; CHICAGO POLICE OFFICER BURDETT GRIFFIN, STAR #19118; CHICAGO POLICE OFFICER BRUCE ASKEW, STAR #9015; CHICAGO POLICE OFFICER DANIEL DAHILL, STAR #19227, individually and as employees/agents of the City of Chicago; and THE CITY OF CHICAGO, a Municipal Corporation, and pleading in the alternative, states as follows:

**INTRODUCTION**

1. This is an action for civil damages brought under Illinois State law and 42 U.S.C. Sec. 1983 for the deprivation of PLAINTIFF's constitutional rights. This Court has jurisdiction pursuant to 28 U.S.C. Sec. 1331, 1343 and 1367.

2. PLAINTIFF, HAYES WHITE, is an individual who at all times relevant hereto was living in the Northern District of Illinois.

3. On and prior to December 6, 2016 and all times relevant herein, DEFENDANT, WAL-MART STORES, INC. was a Delaware corporation doing business within the Northern District of Illinois as WALMART, a retail store located at 10900 S. Doty Avenue, Chicago, Cook County, Illinois.

4. On and prior to December 6, 2016 and all times relevant herein, DEFENDANT, MONTERREY SECURITY CONSULTANTS, INC., was a corporation licensed and organized under the laws of the State of Illinois and doing business within the Northern District of Illinois.

5. On December 6, 2016 and all times relevant herein, DEFENDANT ADRIAN SANTOS, was an employee/agent of MONTERREY SECURITY CONSULTANTS, INC. working at the WALMART store located at 10900 S. Doty Avenue, Chicago, Cook County, Illinois.

6. On December 6, 2016 and all times relevant herein, DEFENDANT CRYSTAL ARMSTEAD, was an employee/agent of WAL-MART STORES, INC., working at the WALMART retail store located at 10900 S. Doty Avenue, Chicago, Cook County, Illinois.

7. On December 6, 2016, and at all times relevant herein, the DEFENDANTS, CHICAGO POLICE OFFICER JOHN P. CROTTY, STAR #16058; CHICAGO POLICE OFFICER SCOTT CARTER, STAR #7429; CHICAGO POLICE OFFICER CHRISTOPH GREEN, STAR #13996; CHICAGO POLICE OFFICER BURDETT GRIFFIN, STAR #19118; CHICAGO POLICE OFFICER BRUCE ASKEW, STAR #9015; and CHICAGO POLICE OFFICER DANIEL DAHILL, STAR #19227 were employed by the City of Chicago and were acting under color of law as Chicago police officers.

8. On and prior to December 6, 2016, and at all relevant times herein, DEFENDANT, CITY OF CHICAGO, was a municipal corporation, organized under the laws of the State of Illinois.

**COMMON ALLEGATIONS**

9. On December 6, 2016, PLAINTIFF, HAYES WHITE, was present as a patron at the WALMART store located at 10900 S. Doty Avenue, Chicago, Cook County, Illinois.

10. On December 6, 2016, WAL-MART STORES, INC., by and through their duly authorized agents, servants, and employees, including DEFENDANTS CRYSTAL ARMSTEAD and ADRIAN SANTOS, owned, operated, managed and controlled the premises located at, 10900 S. Doty Avenue, Chicago, Cook County, Illinois.

11.     On said date and location, DEFENDANT ADRIAN SANTOS, assaulted and battered PLAINTIFF HAYES WHITE, resulting in severe and permanent injuries, including fractures to his right hip, femur and pelvis.

12.     On said date and location, DEFENDANT OFFICERS CROTTY and CARTER assisted DEFENDANT SANTOS and detained the PLAINTIFF who was severely injured, could not walk and was in obvious need of medication attention.

13.     While PLAINTIFF was detained at WALMART by DEFENDANTS SANTOS, ARMSTEAD, OFFICER CROTTY and OFFICER CARTER, additional DEFENDANT OFFICERS GREEN, GRIFFIN, DAHILL and ASKEW arrived.

14.     In an effort to conceal the assault and battery of the PLAINTIFF by DEFENDANT SANTOS, the DEFENDANT OFFICERS conspired with DEFENDANTS SANTOS and ARMSTEAD to falsely charge the PLAINTIFF with retail theft and write false and/or misleading reports, omitting any mention of PLAINTIFF's injuries.

15.     None of the individual DEFENDANT OFFICERS or DEFENDANTS ARMSTEAD or SANTOS provided any medical attention to the PLAINTIFF despite the fact that PLAINTIFF was in obvious pain and could not stand or walk.

16.     DEFENDANTS OFFICER CROTTY and OFFICER CARTER prepared criminal complaints, signed by DEFENDANT ARMSTEAD, as employee/agent of WALMART, initiating the criminal prosecution of the PLAINTIFF for retail theft.

17.     PLAINTIFF was transported from the WALMART store to the 5th District police station by DEFENDANT OFFICERS DAHILL and ASKEW. During the transport of the

PLAINTIFF, he was in obvious pain and in need of medical attention which was refused by the DEFENDANT OFFICERS.

18. Once the PLAINTIFF arrived at the 5th District police station, he was handcuffed to a ring on a wall in a room at the 5th District. The PLAINTIFF repeatedly requested medical attention for his injuries.

19. None of the DEFENDANT OFFICERS provided any medical assistance to the PLAINTIFF. The DEFENDANT OFFICERS told the PLAINTIFF that their shift was almost over and if they took the PLAINTIFF to the hospital, he would be charged with additional criminal acts, including assaulting a police officer.

20. The PLAINTIFF was subsequently diagnosed with multiple fractures to his right hip, femur and pelvis and underwent multiple surgeries for his injuries.

21. On or about December 20, 2016, all the criminal charges initiated by the DEFENDANT OFFICERS and DEFENDANT ARMSTEAD were dismissed by the Cook County State's Attorneys' Office.

## COUNT I
## 42 U.S.C. § 1983: False Arrest/Unlawful Detention
*(Defendant Officers)*

22. PLAINTIFF re-alleges and incorporates paragraphs 1-21 above as fully stated herein.

23. As described above, DEFENDANT OFFICES falsely arrested and unlawfully detained PLAINTIFF without justification and without probable cause.

24. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others, and specifically, the rights of the PLAINTIFF.

25. As a result of the above-described wrongful infringement of PLAINTIFF'S rights, PLAINTIFF suffered damages, including but not limited to prolonged physical incarceration and severe mental distress and anguish.

## COUNT II
### Failure To Provide Medical Attention
*(Defendants Chicago Police Officers John P. Crotty, Star #16058; Scott Carter, Star #7429; Christoph Green, Star #13996; Burdett Griffin, Star #19118; Bruce Askew, Star #9015; and Daniel Dahill, Star #19227)*

26. PLAINTIFF re-alleges and incorporates paragraphs 1-21 above as fully stated herein.

27. After PLAINTIFF was tackled and struck by DEFENDANT ADRIAN SANTOS, the DEFENDANT OFFICERS knew the PLAINTIFF had a serious medical condition and was in need of medical assistance.

28. The DEFENDANT OFFICERS were deliberately indifferent to the PLAINTIFF's serious medical needs and failed to provide him with medical assistance.

29. The DEFENDANT OFFICERS' deliberate indifference caused physical harm and suffering to the PLAINTIFF, including unnecessary physical pain and suffering.

30. The misconduct described in this Count was undertaken by the DEFENDANT OFFICERS under the color of law and within the scope of their employment such that their employer, the City of Chicago, is liable for their actions.

## COUNT III
### Conspiracy Claims
*(Defendants Chicago Police Officers Crotty, Star #15068; Officer Scott Carter, Star #7429; Adrian Santos and Crystal Armstead)*

31. PLAINTIFF re-alleges and incorporates paragraphs 1-21 above as fully stated herein.

32. As described more fully above, the DEFENDANT OFFICERS conspired with each other and DEFENDANTS SANTOS and ARMSTEAD to cover up the assault and battery by DEFENDANT SANTOS and took overt acts by filing false criminal complaints and/or incomplete reports, omitting any reference to PLAINTIFF's injuries.

33. The DEFENDANT OFFICERS also acted in concert with each other to intentionally deprive PLAINTIFF of his constitutional rights under color of law.

34. The misconduct described in this Count was undertaken intentionally, with malice, willfulness, wantonness and reckless indifference to the rights of the PLAINTIFF.

35. The misconduct described in this Count was undertaken by DEFENDANT ADRIAN SANTOS within the scope of his employment as an employee and/or agent of MONTERREY SECURITY CONSULTANTS, INC., such that DEFENDANT MONTERREY SECURITY CONSULTANTS, INC. is liable for his actions under the doctrine of *respondeat superior*.

36. The misconduct described in this Count was undertaken by DEFENDANT CRYSTAL ARMSTEAD within the scope of her employment as an employee and/or agent of WAL-MART STORES, INC. d/b/a WALMART, such that the DEFENDANT WAL-MART STORES, INC. d/b/a WALMART is liable for her actions under the doctrine of *respondeat superior*.

### COUNT IV
### NEGLIGENCE
*(Defendant Wal-Mart Stores, Inc., d/b/a Walmart)*

37. PLAINTIFF re-alleges and incorporates paragraphs 1-21 above as fully stated herein.

38. That DEFENDANT, WAL-MART STORES, INC. d/b/a WALMART, through its

agents and employees at all times had a duty to exercise due care and caution to avoid causing injury to the patrons of its store, including PLAINTIFF.

39. That notwithstanding its duty, at the aforesaid time and place, the DEFENDANT, WAL-MART STORES, INC. d/b/a WALMART, through its actual or apparent agents/employees, was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

    a.) failed to hire a sufficient number of personnel who were qualified to protect, handle, control, detain and/or make safe, its premises, for its patrons, including the PLAINTIFF;

    b.) failed to properly train its employees/agents to handle, control, detain and/or make safe its premises, for its patrons, including the PLAINTIFF;

    c.) failed to supervise its employees/agents to protect, handle, control, detain and/or make safe, its premises, for its patrons, including the PLAINTIFF;

    d.) failed to establish any policies or protocols to ensure that patrons injured on their premises receive medical attention;

    e.) Was otherwise careless and negligent in the maintenance, control and/or handling of its premises.

40. That as a direct and proximate result of the aforesaid acts and/or omissions of the DEFENDANT, WAL-MART STORES, INC. d/b/a WALMART, the PLAINTIFF then and there sustained severe and permanent disabling injuries, by reason of which he incurred medical and hospital expenses, was prevented from attending to his usual affairs and duties, lost great gains which he otherwise would have made and acquired, and suffered great pain and anguish both in mind and body.

**COUNT V**
**NEGLIGENCE**
*(Defendant Monterrey Security Consultants, Inc.)*

41. PLAINTIFF re-alleges and incorporates paragraphs 1-21 above as fully stated herein.

42. That DEFENDANT, MONTERREY SECURITY CONSULTANTS, INC., through its agents and employees at all times had a duty to exercise due care and caution to avoid causing injury to the patrons of the WAL-MART STORES, INC., including the PLAINTIFF.

43. That notwithstanding its duty, at the aforesaid time and place, the DEFENDANT, MONTERREY SECURITY CONSULTANTS, INC., through its actual or apparent agents/employees, was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

   a.) negligently hired personnel, including DEFENDANT SANTOS, who was not qualified to be a security guard;

   b.) failed to property train its personnel, including DEFENDANT SANTOS, to properly pursue and detain patrons, to avoid injury, including the PLAINTIFF;

   c.) failed to supervise its personnel, including DEFENDANT SANTOS, to ensure they were qualified to protect, handle, control, and/or detain patrons, including the PLAINTIFF

   d.) Failed to properly instruct and/or train employees/agents, including DEFENDANT SANTOS, to ensure injured patrons receive medical care;

   e.) Was otherwise careless and negligent in the hiring and/or training of its employees/agents, including DEFENDANT SANTOS.

44. That as a direct and proximate result of the aforesaid acts and/or omissions of the DEFENDANT, MONTERREY SECURITY CONSULTANTS, INC., the PLAINTIFF then and there sustained severe and permanent disabling injuries, by reason of which he incurred medical and hospital expenses, was prevented from attending to his usual affairs and duties, lost great gains

9

which he otherwise would have made and acquired, and suffered great pain and anguish both in mind and body.

## COUNT VI
## NEGLIGENCE
*(Defendants Adrian Santos)*

45. PLAINTIFF re-alleges and incorporates paragraphs 1-21 above as fully stated herein.

46. That DEFENDANT, ADRIAN SANTOS, at all times had a duty to exercise due care to avoid causing injury to the PLAINTIFF.

47. That notwithstanding its duty, at the aforesaid time and place, the DEFENDANT, ADRIAN SANTOS, individually, and as employee/agent of DEFENDANT MONTERREY SECURITY CONSULTANTS, INC. and apparent agent of DEFENDANT WALMART was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

   a.) failed to properly detain the PLAINTIFF, resulting in severe injuries;

   b.) failed to properly handle, control, and/or restrain the PLAINTIFF, resulting in severe injuries;

   c.) failed to provide the PLAINTIFF with any medical attention after severely injuring PLAINTIFF on WALMART's premises;

   d.) Was otherwise careless and negligent in the chase, detention and handling of the PLAINTIFF.

48. The misconduct of this Count was undertaken by DEFENDANT SANTOS in his capacity as an employee/agent of DEFENDANT MONTERREY SECURITY CONSULTANTS, INC. and/or apparent agent of DEFENDANT WAL-MART STORES, INC. d/b/a WALMART, such that DEFENDANTS MONTERREY SECURITY CONSULTANTS, INC. and/or WALMART are responsible for his conduct under the doctrine of *respondeat superior.*

49. That as a direct and proximate result of the aforesaid acts and/or omissions of the DEFENDANT, ADRIAN SANTOS, the PLAINTIFF then and there sustained severe and permanent disabling injuries, by reason of which he incurred medical and hospital expenses, was prevented from attending to his usual affairs and duties, lost great gains which he otherwise would have made and acquired, and suffered great pain and anguish both in mind and body.

## COUNT VII
## ASSAULT and BATTERY
*(Defendant Adrian Santos)*

50. PLAINTIFF re-alleges and incorporates paragraphs 1-21 above as fully stated herein.

51. That on or about December 6, 2016, the DEFENDANT ADRIAN SANTOS, without any provocation and with intent to do bodily harm to the PLAINTIFF, HAYES WHITE, did severely harm, assault and batter the PLAINTIFF by tackling him and striking him while on the premises of the WALMART located at 10900 S. Doty Avenue, Chicago, Cook County, Illinois.

52. That the aforesaid assault was willful and wanton and maliciously made by DEFENDANT, ADRIAN SANTOS.

53. The misconduct of this Count was undertaken by DEFENDANT SANTOS in his capacity as an employee/agent of DEFENDANT MONTERREY SECURITY CONSULTANTS, INC. and/or apparent agent of DEFENDANT WAL-MART STORES, INC. d/b/a WALMART, such that DEFENDANTS MONTERREY SECURITY CONSULTANTS, INC. and/or WALMART are responsible for his conduct under the doctrine of *respondeat superior*.

54. That as a direct and proximate result of these actions of the DEFENDANT ADRIAN SANTOS, the PLAINTIFF sought medical care and treatment for his injuries and suffered other injuries of a personal and pecuniary nature.

## COUNT VIII
## MALICIOUS PROSECUTION

*(Defendant Crystal Armstead and Chicago Police Officers Crotty & Officer Carter)*

55. PLAINTIFF re-alleges and incorporates paragraphs 1-21 above as fully stated herein.

56. PLAINTIFF was improperly subjected to judicial proceedings for which there was no probable cause. These judicial proceedings were instituted and continued maliciously, resulting in injury, and all such proceedings were terminated in PLAINTIFF's favor in a manner indicative of innocence.

57. DEFENDANTS ARMSTEAD, OFFICER CROTTY and OFFICER CARTER accused PLAINTIFF of criminal activity knowing those accusations to be without probable cause, and they made written and other statements with the intent of exerting influence to institute and continue judicial proceedings.

58. Statements and official reports of DEFENDANTS ARMSTEAD, OFFICER CROTTY and OFFICER CARTER regarding PLAINTIFF's alleged culpability were made with knowledge that the statements were false, incomplete and/or perjured.

59. The misconduct described in this Count was undertaken with malice, willfulness, reckless indifference to the rights of the PLAINTIFF.

60. As a result of the above-described wrongful infringement of PLAINTIFF's rights, he has suffered financial and other damages, including but not limited to substantial physical and

mental stress and anguish.

61. The misconduct described in this Count was undertaken by DEFENDANT ARMSTEAD within the scope of her employment such that her employer, WAL-MART STORES, INC. d/b/a WALMART, is liable for her actions under the doctrine of *respondeat superior.*

62. The misconduct described in this Count was undertaken by DEFENDANT OFFICERS CROTTY and CARTER within the scope of their employment such that their employer, CITY OF CHICAGO, is liable for their actions under the doctrine of *respondeat superior.*

## COUNT IX
## INTENTIONAL INFLICTION OF EMOTION DISTRESS
*(Defendants Adrian Santos, Crystal Armstead, Chicago Police Officers John P. Crotty, Star #16058; Scott Carter, Star #7429; Christoph Green, Star #13996; Burdett Griffin, Star #19118; Bruce Askew, Star #9015; and Daniel Dahill, Star #19227)*

63. PLAINTIFF re-alleges and incorporates paragraphs 1-21 above as fully stated herein.

64. The acts and conduct of DEFENDANTS, ADRIAN SANTOS, CRYSTAL ARMSTEAD and individual DEFENDANT OFFICERS, as set forth above were extreme and outrageous.

65. DEFENDANTS, ADRIAN SANTOS, CRYSTAL ARMSTEAD and individual DEFENDANT OFFICERS, intended to cause, or were in reckless disregard of the probability that their conduct would cause, severe emotional distress to PLAINTIFF, HAYES WHITE.

66. DEFENDANTS ADRIAN SANTOS, CRYSTAL ARMSTEAD and individual DEFENDANT OFFICERS', actions and conduct did directly and proximately cause a severe

emotional distress to the PLAINTIFF, and thereby constituted intentional infliction of emotional distress upon the PLAINTIFF.

67. The misconduct described in this Count was undertaken by DEFENDANT OFFICERS within the scope of their employment such that their employer, CITY OF CHICAGO, is liable for their actions under the doctrine of *respondeat superior*.

68. The misconduct described in this Count was undertaken by DEFENDANT ADRIAN SANTOS within the scope of his employment duties, as employee and/or agent of MONTERREY SECURITY CONSULTANTS, INC. and apparent agent of WAL-MART STORES, INC. d/b/a WALMART,, such that DEFENDANT MONTERREY SECURITY CONSULTANTS, INC. and/or WAL-MART STORES, INC. d/b/a WALMART, is liable for his actions under the doctrine of *respondeat superior*.

69. The misconduct described in this Count was undertaken by DEFENDANT CRYSTAL ARMSTEAD within the scope of her employment duties, as employee and/or agent of WAL-MART STORES, INC. d/b/a WALMART, such that the DEFENDANT WAL-MART STORES, INC. d/b/a WALMART is liable for her under the doctrine of *respondeat superior*.

### COUNT X
### INDEMNIFICATION COUNT
*(Defendant City of Chicago)*

70. PLAINTIFF re-alleges and incorporates paragraphs 1-21 above as fully stated herein.

71. In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 735 ILCS 10/9-102.

72. DEFENDANT OFFICERS JOHN P. CROTTY, STAR #16058; SCOTT CARTER, STAR #7429; CHRISTOPH GREEN, STAR #13996; BURDETT GRIFFIN, STAR #19118; BRUCE ASKEW, STAR #9015; and DANIEL DAHILL, STAR #19227 are or were employees of the CITY of CHICAGO and acted within the scope of their employment in committing the misconduct described herein.

## REQUEST FOR RELIEF

73. PLAINTIFF, HAYES WHITE, respectfully requests that the Court:

    a. Enter a judgment in her favor and against all DEFENDANTS;

    b. Award compensatory damages and costs against all DEFENDANTS;

    c. Award attorney's fees against all DEFENDANTS;

    d. Award punitive damages against all individual DEFENDANTS; and

    e. Grant any other relief this Court deems just and appropriate.

## JURY DEMAND

PLAINTIFF, HAYES WHITE, demands a trial by jury under the Federal Rule of Civil Procedure 38(b) on all issues so triable.

                                                            Respectfully submitted,

                                                            /s/ Jeffrey J. Neslund
                                                            JEFFREY J. NESLUND
                                                           Attorney for Plaintiff

JEFFREY J. NESLUND
Law Offices of Jeffrey J. Neslund
20 North Wacker Drive, Suite 3710
Chicago, IL 60606
(312) 223-1100